IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Doug Burton,

        Plaintiff,

        vs.                            Case No. 13-2099-JTM

Blue Cross Blue Shield of Kansas City;
Westlake Hardware, Inc. Employee
Health Care Plan,

        Defendants.

MEMORANDUM AND ORDER

This is an action for the medical expenses incurred by the plaintiff's late wife. Marsha Burton sought authorization for Intensity Modulated Radiation Therapy ("IMRT") in 2011, under the terms of her employer's Benefit Plan. Blue Cross denied authorization after its screeners concluded that the treatment was investigational, and thus not covered. A review panel of three independent physicians later agreed with this conclusion. Although the claim was not approved, Marsha Burton elected to undergo the IMRT treatment in May 2011 in Los Angeles.

After her death, Doug Burton filed this action in the United States District Court for the Central District of California, contending that he is entitled to recover the cost of the

IMRT treatments under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"). Blue Cross has moved to dismiss the action, contending that the plaintiff lacks standing because the expenses were actually incurred by the plaintiff's wife.

Blue Cross presents two separate standing arguments. First, it contends that the plaintiff lacks constitutional standing, as defined in cases such as *Landrith v. Bank of New York Mellon*, No. 12-2352-EFM, 2013 WL 789427, at *3 (D. Kan. March 4, 2013), since he was not the person who suffered the alleged injury. That is, it contends that any injury, and hence the right to sue, belongs solely to Marsha Burton.

Second, Blue Cross argues that even if Doug Burton had constitutional standing, he lacks standing under ERISA. "[T]he plain language of [ERISA] indicates that Congress only contemplated providing the actual benefits due to the beneficiary or participant." *Hammann v. AmeriHealth Administrators, Inc.*, No. 12-2545, 2013 WL 663760, at *4 (E.D. La. Feb. 25, 2013). *See also Zavala v. Trans-System, Inc.*, 2006 U.S. Dist. LEXIS 88724 (D. Or. 2006).

The plaintiff responds that constitutional standing exists because he is financially responsible for the debts of his wife. Second, he argues that the action is properly brought under 29 U.S.C. § 1132(a)(1)(B), which authorizes a claim "by a participant or beneficiary… to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

The plaintiff contends that ERISA standing exists in light of his family relationship with his late wife, citing *Willis v. Regence BlueCross BlueShield of Utah*, 2008 U.S. Dist LEXIS 86059 (D. Utah 2008) (parent had ERISA standing to bring action for benefits due minor

2

child). In addition, he notes that other courts have held that health care providers, as assignees, have standing to sue (*see, e.g., Via Christi Regional Medical Center, Inc. v. Blue Cross and Blue Shield of Kansas, Inc.*, 361 F.Supp. 2d 1280 (D. Kan. 2005)), and plaintiff argues it would be incongruous to allow such contractual standing but to deny it to him. The plaintiff distinguishes *Hammann* and *Zavala* on the grounds that in those cases, the treatment was both denied and never received by the patient. The surviving spouse then brought actions for damages and to recover the value of benefits. In contrast, he argues, his wife did receive IMRT treatment, and he seeks to recover not the "value of benefits" due to his late wife, but the actual costs of that treatment. Finally, the plaintiff argues that to the extent the defendant's motion has any merit, the proper action is for the court to allow him to amend the claim to amend the complaint.

The court finds that the defendant's motion is well-grounded. The plaintiff's constitutional standing is not established because there is no allegation in the Complaint that the plaintiff himself was necessarily injured by the defendant's refusal to authorize treatment. Under Kansas law, "[o]nly if the spouse who received the benefits has insufficient resources to satisfy the debt may the other spouse be liable," and "[s]uch liability is not automatic." *St. Francis Regional Medical Center, Inc. v. Bowles*, 251 Kan. 334, 341 (1992).

Similarly, with respect to ERISA standing, there is no allegation that the benefits were due to the plaintiff. The *Willis* case cited by plaintiff was recently distinguished in *Powers v. Bluecross Blue Shield of Illinois*, No. 12-cv-02637-RBJ, 2013 WL 2317236 (D. Colo.

3

May 28, 2013). In *Willis*, the father was a participant in the ERISA plan, and his daughter was a beneficiary. In contrast, in *Powers*, the court stressed that "Mr. Powers has not alleged that benefits are *due to him* under the terms of *his plan* or that he is seeking to *enforce his rights or clarify his rights to future benefits*." *Id.* at *4 (emphasis in original). Each of these considerations is equally applicable here. Under the language of the statute, the plaintiff does not have standing under § 1132(a)(1)(B). Similarly, the plaintiff's analogy to the assignment of rights is misplaced because there is no allegation of any assignment of rights by Marsha Burton. *Powers*, *Hammann*, and *Zavala* all support the determination that the plaintiff lacks standing to bring the present action.

At the same time, defendant's Reply in support of its Motion to Dismiss presents no direct response to the plaintiff's Motion to Amend his Complaint. The court sees no reason why leave to amend would be futile. *See Muller v. First Unum Life Ins.*, 23 F.Supp.2d 231, 234 (N.D.N.Y. 1998) (granting husband's motion to amend complaint to add wife as beneficiary-plaintiff for recovery of ERISA benefits). At the same time, the plaintiff has failed to comply with D.Kan.R. 15.1, which requires that parties seeking leave to amend must attach a copy of the proposed amendment.

The court therefor denies the motion to dismiss without prejudice, provided that the plaintiff files a renewed motion to amend, in compliance with the requirements of Rule 15.1, on or before January 3, 2014. Defendant may respond to such renewed motion on or before January 17, 2014.

4

IT IS ACCORDINGLY ORDERED this 18th day of December, 2013, that the defendant's Motion to Dismiss (Dkt. 29) is hereby provisionally denied. The Scheduling Order adopted May 24, 2013 (Dkt. 28) is hereby suspended.

 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE